UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TAQIY WALTON,
               Plaintiff,

v.

DETECTIVE JOHN V. PETERS and
CORRECTION OFFICER CARMINE ZULLO,
Individually and in their Official Capacities,
               Defendants.
--------------------------------------------------------------x

Copy mailed by Chambers 3-22-19 Dh

**OPINION AND ORDER**

16 CV 7110 (VB)

Briccetti, J.:

    Plaintiff Taqiy Walton, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against defendants Detective John V. Peters and Correction Officer ("C.O.") Carmine Zullo, individually and in their official capacities. Liberally construed, plaintiff's complaint asserts claims for malicious prosecution, false arrest, and violation of due process.

    Now pending is defendants' motion for summary judgment. (Doc. #58).

    For the reasons set forth below, the motion is GRANTED.

    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

    The parties have submitted briefs, statements of material facts, supporting affidavits, declarations, and exhibits, which reflect the following factual background. Plaintiff disputes only three paragraphs in defendant's statement of material facts, and adds only four paragraphs of his own. Nonetheless, the Court will not, as defendants request, accept as true all statements plaintiff ignored. Rather, the Court "'must be satisfied that the movant's citation to evidence in the record supports the movant's assertion,' i.e., that the materials underlying defendant[s'] 56.1 statement themselves establish these facts." Gantt v. Horn, 2013 WL 865844, at *5 (S.D.N.Y.

Mar. 8, 2013) (quoting Vt. Teddy Bear Co. v. 1–800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)).[1]

To that end, this lawsuit principally concerns an incident that occurred on August 9, 2015, while plaintiff was incarcerated at the Westchester County Jail ("WCJ"). Plaintiff alleges that at approximately 2:10 p.m. that day, plaintiff asked defendant C.O. Zullo whether he could take a shower. According to plaintiff, C.O. Zullo refused, and plaintiff called him several derogatory names. Plaintiff alleges several inmates nearby began to mock C.O. Zullo, and C.O. Zullo "then walked away from my cell and said I spat on him." (Doc. #2 ("Compl.") ¶ 11). Plaintiff asserts he never spat on C.O. Zullo.

C.O. Zullo filed a disciplinary report regarding the incident later the same day, charging plaintiff with disorderly conduct; committing an act with intent to cause inconvenience, annoyance, or alarm; disobedience of orders; and "throwing or otherwise causing contact between a caustic or malodorous fluid or substance, a food product or by product or body fluids or substances at another person." (See Doc. #59 ("Zeitler Decl.") Ex. G at 00001).[2] Plaintiff did not sign the disciplinary report.[3]

Plaintiff was transferred to administrative segregation housing, found guilty at a disciplinary hearing held on August 21 and 27, 2015, and confined to keep lock for thirty days.

---

[1] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[2] "Ex. G at __" refers to the numbers on the bottom right of defendants' exhibits.

[3] Instead of submitting a sworn statement providing C.O. Zullo's account of the foregoing incident, defendants rely almost entirely on the disciplinary report. Defendants provide no explanation why the disciplinary report is admissible as evidence of defendants' version of the incident—indeed, it appears to be inadmissible hearsay when offered for that purpose. As defendants have not argued the disciplinary report falls into a hearsay exception, the Court will not consider it as evidence of what occurred on August 9, 2015.

Plaintiff appealed the disciplinary hearing officer's decision, and the assistant warden denied the appeal.

In addition, Detective Peters states he arrested plaintiff on August 18, 2015, and charged him with obstruction of governmental administration. Defendants attach a Westchester County Police Booking Data Sheet showing the same. (See Zeitler Decl. Ex. C ("Peters Decl.") Ex. A). Plaintiff was prosecuted in Mount Pleasant Justice Court, where he moved to dismiss the obstruction charge in the interest of justice. The prosecutor did not oppose plaintiff's motion, and the court granted it.

## DISCUSSION

I.   Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine

issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 323. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal citations and quotation omitted). The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him. Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82–83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial. Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.  Qualified Immunity

Defendants argue Detective Peters is entitled to qualified immunity on plaintiff's malicious prosecution and false arrest claims.[4]

The Court agrees.

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). "Defendants bear the burden of establishing qualified immunity." Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015) (internal citation omitted).

"The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was 'clearly established;' and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (quoting Taravella v. Town of Wolcott, 599 F.3d 129, 133–34 (2d Cir. 2010)).

---

[4] Defendants also argue plaintiff failed to exhaust his administrative remedies. As the Court grants defendants' motion for summary judgment on other grounds, the Court need not decide whether plaintiff was required to exhaust his administrative remedies. However, the Court notes defendants' argument could be construed as misleading. New York State regulations governing grievance procedures in local jails provide, "Grievances regarding dispositions or sanctions from disciplinary hearings, administrative segregation housing decisions, [or] issues that are outside the authority of the chief administrative officer to control . . . are not grievable." 9 N.Y.C.R.R. § 7032.4(h). Plaintiff's malicious prosecution, false arrest, and disciplinary hearing claims all seem to implicate this provision; if true, plaintiff would not have been required to file a grievance related to his claims.

> For false arrest and malicious prosecution claims, an officer's probable cause determination is 'objectively reasonable' provided there was 'arguable' probable cause. Arguable probable cause [to arrest] exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Arguable probable cause to charge exists where, accounting for any new information learned subsequent to an arrest, 'it was not manifestly unreasonable for [the defendant officer] to charge [the plaintiff].'

Arrington v. City of New York, 628 F. App'x 46, 49 (2d Cir. 2015) (summary order) (internal citations omitted) (alterations in original).

"Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014) (internal quotation omitted). Moreover, there is probable cause when "a law enforcement officer 'received [ ] information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity. The reliability or veracity of the informant and the basis for the informant's knowledge are two important factors.'" Id. (internal quotation omitted) (alteration in original).

Here, Detective Peters had at least arguable probable cause to arrest and charge plaintiff—namely, Detective Peters relied on C.O. Zullo's supporting deposition describing the August 9 incident in detail and specifically stating plaintiff spat on him. Moreover, plaintiff has not offered any evidence impeaching C.O. Zullo's reliability or veracity.

Plaintiff's sole argument is that he was not "re-arrested," and the arrest therefore "simply exist[s] on paper." (Doc. #67 ("Pl. Br.") at ECF 56).[5] Plaintiff's argument is both contradicted by the record and beside the point. Detective Peters submitted a sworn affidavit stating he

---

[5] "Doc. #__ at ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

arrested plaintiff, as well as the Westchester County Police Booking Data Sheet for the August 18, 2015, arrest. (See Peters Decl. ¶ 3 & Ex. A). Moreover, plaintiff does not indicate what else was required for plaintiff's booking to constitute an arrest, or how defendants' supposed failure to follow arrest procedures would support his false arrest and malicious prosecution claims.

Accordingly, Detective Peters is entitled to qualified immunity on plaintiff's false arrest and malicious prosecution claims.

III. Due Process Claim

It is unclear what claims plaintiff asserts against C.O. Zullo. However, to the extent plaintiff asserts a due process claim against him for filing a false disciplinary report, defendants are entitled summary judgment as plaintiff fails to present any evidence he was deprived of a liberty or property interest.

Procedural due process requires "that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)). Thus, to sustain a Section 1983 claim based on an alleged violation of due process, a plaintiff must demonstrate (i) he possesses a liberty or property interest protected by the Constitution or federal statutes, and (ii) he was deprived of that liberty or property interest without due process. Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002).

As to the first element, "[a] prisoner's liberty interest is implicated by prison discipline, such as SHU confinement, only if the discipline imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Palmer v. Richards, 364 F.3d 60, 64 (2d Cir. 2004) (internal quotation and alteration omitted). Although there is no bright-line

7

rule for establishing when keep lock confinement rises to the level of a constitutional violation, courts consider both the duration and the conditions of confinement. See id. "[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." Davis v. Barrett, 576 F.3d 129, 133 (2d Cir. 2009) (citing Colon v. Howard, 215 F.3d 227 (2d Cir. 2000)).

Defendants are entitled to summary judgment on plaintiff's due process claim because he was sentenced to only thirty days in keep lock and he has not submitted any evidence that his conditions in keep lock were more onerous than usual.

Accordingly, summary judgment is granted on plaintiff's due process claim.

IV. Monell Claims

Plaintiff asserts claims against defendants in their official capacities, which the Court deems to be brought against Westchester County itself. See Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004) (internal citation omitted).

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694. Thus, to assert a Section 1983 claim against the County, plaintiff must allege the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. See Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012).

Plaintiff has not alleged any facts, let alone produced any evidence, suggesting a policy or custom caused his alleged false arrest or malicious prosecution. Moreover, plaintiff's deficient due process claim may not form the basis for a Monell claim. Segal v. City of New

8

York, 459 F.3d 207, 219 (2d Cir. 2006) (district court "was entirely correct" in declining to address Monell claim after finding no underlying constitutional violation).

Accordingly, summary judgment is granted as to plaintiff's claims against defendants in their official capacities.

## CONCLUSION

The motion for summary judgment is GRANTED.

The Clerk is instructed to (i) terminate the motion (Doc. #58), and (ii) close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: March 21, 2019
      White Plains, NY               SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge